Robert L. BRUBAKER, Appellant,

v.

Robert A. MOORE, Respondent.

No. 53025.

Supreme Court of Missouri, Division No. 2.

Sept. 9, 1968.

Rehearing Denied Oct. 14, 1968.

Hulen & Hulen, Gary A. Tatlow, Moberly, Rendlen & Rendlen, Hannibal, for appellant.

Howard F. Major, W. Hampton Ford, Ronald A. Graves, Columbia, Ben Ely, James E. Cary, Hannibal, P. M. Marr, Milan, for respondent.

STOCKARD, Commissioner.

In plaintiff's action for $330,000 for personal injuries sustained in an automobile collision, the trial court directed a verdict against plaintiff at the close of his evidence and he has appealed. We reverse and remand.

In our determination of whether plaintiff made a submissible case, we take plaintiff's evidence as true where it is not entirely unreasonable or opposed to physical laws, Michaelson v. Wolf, 364 Mo. 356, 261 S.W.2d 918, consider it in the light most favorable to plaintiff, Dunn v. Terminal Railroad Association of St. Louis, Mo., 285 S.W.2d 701, and give plaintiff the benefit of all reasonable inferences arising therefrom. Jones v. Midwest Pre Cote Company, Mo., 412 S.W.2d 468.

Plaintiff suffered from retrograde amnesia and could remember nothing concerning the collision. Billy Joe Estes was operating his truck southward on U. S. Highway 63 near Moberly, Missouri, when plaintiff turned onto the highway and proceeded southward ahead of him. Estes followed plaintiff for three and one-half to four miles. Both vehicles were traveling about 60 to 65 miles an hour, and no more than one-quarter of a mile separated them. After plaintiff turned onto the highway, two vehicles passed Estes. The first was a truck of defendant Robert A. Moore being operated by Gail Leroy Couchman. The second vehicle was a passenger automobile not otherwise identified. "Immediately prior to the accident" plaintiff's automobile was in the southbound lane and Estes did not notice anything unusual about its operation. "Just before the accident" Estes saw the defendant's truck "pull to the left-hand side of the highway," and then swerve back to the right-hand side of the highway and off onto the shoulder of the highway. When the truck was on the left-hand side of the highway Estes could see the plaintiff's automobile, and "at the same time" that defendant's truck "started to the shoulder of the highway," Estes saw the

**218**

front end of plaintiff's car "raise up," "maybe six inches." It then made a sharp turn to the left into the left lane of traffic, the turn being described as being "at least [a] forty-five degree angle," where it collided head on with an oncoming truck. Prior to the accident plaintiff's automobile was in good condition, and there was no "injury to the * * * outside part of the car," and particularly there was no "injury or malformation" to the left rear of the vehicle. Following the accident, the front of the automobile was practically demolished, obviously by reason of the head-on collision, and the left rear of the automobile was also extensively damaged. On defendant Moore's truck "there [were] scratches on the left front fender" and the left rear view mirror and window vent were broken.

Plaintiff contends that the above evidence, and the authorized inferences, constitute substantial evidence that defendant's truck struck his automobile in the rear and caused it to swerve sharply into the left lane and into collision with the oncoming truck. Defendant contends that "there is no direct evidence of an impact between plaintiff's automobile and defendant's truck," and he points to what he considers to be an insufficiency of circumstantial evidence to authorize a finding of a collision. We do not agree. When we take into consideration the movements of defendant's truck and plaintiff's automobile as described by Mr. Estes, the evidence of the condition of plaintiff's automobile before the collision, and the evidence of the damage to the rear of plaintiff's automobile and left front part of defendant's truck after the collision, as described in the evidence, we are convinced that this constitutes substantial circumstantial evidence from which a jury reasonably could find that defendant's truck hit plaintiff's automobile from the rear and caused it to turn sharply into the left traffic lane and into collision with the oncoming truck.

Defendant points out various matters which constitute the basis for an argument to a jury that defendant's truck did not hit plaintiff's automobile from the rear, but that is a matter for the decision of the jury and is not to be ruled as a matter of law.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

DONNELLY, Acting P. J., and EAGER and HOLMAN, JJ., concur.

FINCH, P. J., not sitting.